IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 JUL 24 AM 8:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 24 1998

WILLIE J. HAYDEN,            )
                             )
        Plaintiff,           )
                             )
vs.                          )   CIVIL ACTION NUMBER
                             )
UNITED STATES OF AMERICA,    )   98-C-0367-S
                             )
        Defendant.           )

**MEMORANDUM OPINION**

Plaintiff Willie J. Hayden brings this action for wrongful death under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FCTA"). Defendant United States has moved to dismiss the complaint for want of subject matter jurisdiction. The motion is due to be granted.

I

On May 4, 1993, L. Z. Hayden suffered a fall while a patient at the Department of Veterans Affairs Hospital in Birmingham, Alabama. Complaint, ¶ 6. Almost a year later, on April 10, 1994, Hayden died. Id.

Two years thereafter, on April 10, 1996, plaintiff Willie J. Hayden, son of the decedent, filed with the Department of Veterans Affairs ("VA") a Standard Form 95 Claim for Damage, Injury, or Death ("SF 95"). Declaration of Michael W. Anderson, Tab A. The executed SF 95 and its one page handwritten attachment did not indicate the amount which the plaintiff sought as damages.

14

Id.  According to the plaintiff, a VA representative told him to leave the box entitled "Amount of Damages" blank until after the plaintiff had consulted an attorney.

VA counsel advised the plaintiff by letter dated May 24, 1996, that the claim was not valid because the plaintiff had not placed a value on the claim as required by law.  Id., Tab R.

In a letter dated July 5, 1996, the plaintiff amended his SF 95 to state a claim in the amount of $355,264.00.  Id., Tab D.

The administrative claim was denied on August 22, 1997. The denial was predicated on the merits as well as the plaintiff's alleged failure to timely file a valid claim.  Id., Tab X.

The plaintiff commenced this civil action on February 17, 1998.

II

The words FTCA are clear:

> An action shall not be instituted upon a claim against the United States for money damages for...death caused by the negligent conduct or wrongful act or omission of any employee of the Government...unless the claimant shall have first presented the claim to the appropriate federal agency....
>
> Action...shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency....

28 U.S.C. § 2675(a),(b).  A claim is proper if it (a) is sufficient

to enable the agency to investigate the matter, and (b) specifies a "sum certain" as damages. <u>Adkins v. U.S.</u>, 896 F.2d 1324, 1326 (11th Cir. 1990); <u>Tidd v. U.S.</u>, 786 F.2d 1565 (11th Cir. 1986). A proper claim must be presented to the appropriate federal agency within two years after the wrongful death. 28 U.S.C.A. § 2401(b).[1]

Box 12 of SF 95, prescribed by the Department of Justice for the presentation of claims against the United States,[2] is entitled "Amount of Claim." Box 12c elicits the amount sought as damages for wrongful death; Box 12d elicits the total amount sought, with the caveat: "Failure to specify may cause forfeiture of your rights." Tab D, Declaration of Michael W. Anderson.

The filing of a proper claim within the two year limitations period is a jurisdictional prerequisite to maintaining suit in federal court. <u>Tidd</u>, <u>supra</u>; <u>Wardsworth v. U.S.</u>, 721 F.2d 503 (5th Cir. 1983).

### III

Here, it is without dispute that the plaintiff totally failed to advise the government agency of <u>any amount</u> sought as damages within the requisite period. Moreover, it is apparent that within the two-year period, the plaintiff did not provide the VA

---

[1] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim occurs."

[2] See 28 C.F.R. § 14.2.

any independent basis on which VA might calculate his damages. Neither of the tolling exceptions to the two-year period applies, since there is no allegation by the plaintiff of either newly discovered evidence or intervening facts relating to the amount of the claim. See 28 U.S.C.A. § 2875(b).

The plaintiff's estoppel argument, based on the advice/instructon of the unidentified VA official, is unavailing. In George v. Railroad Retirement Board, 738 F.2d 1233, 1234 (11th Cir. 1984), a Railroad Retirement annuity applicant failed to file a timely appeal of his first application for disability annuity benefits. He contended that his failure was due to misinformation given him by an agency employee. Id., at 1236. The Eleventh Circuit held:

> Even assuming that Wright improperly informed George, Wright's errors "fal[l] far short" of the conduct which would estop the government from insisting upon compliance with the valid one-year filing period. Schweiker v. Hansen, 450 U.S. [785] at 790, 101 S.Ct. [1468] at 1471 [(1981)] (citing Montana v. Kennedy, 366 U.S. 308 at 314, 81 S.Ct. 1336 at 1341, 6 L.Ed.2d 313 (1961). This conclusion is supported by the Hansen Court's holding that a Social Security Administration employee's erroneous statement to a potential applicant that she was ineligible for benefits coupled with the employee's failure to advise the woman to apply for benefits, did not estop the Social Security Administration from denying the woman retroactive benefits. Hansen, 450 U.S. at 785, 101 S.Ct. at 1468.

738 F.2d at 1236.

4

In light of <u>George</u>, the plaintiff's estoppel argument lacks merit.

By separate order, this cause shall be dismissed for want of subject matter jurisdiction.

DONE this 21st day of July, 1998.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON